Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRYSTA NOPE,<br><br>             Plaintiff,<br><br>v.<br><br>BONNEVILLE BILLING & COLLECTIONS, INC.,<br><br>             Defendant. | **COMPLAINT**<br><br><br>Case no: 2:10-cv-00952-DAK<br><br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

1

3. Plaintiff, Krysta Nope ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

4. Defendant, Bonneville Billing & Collections, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt. Plaintiff sent Defendant a letter disputing the debt via certified mail within the 30-day dispute period described by Defendant's initial dun letter. Defendant did not stop collection or verify the debt as required in response to this letter, and contacted Plaintiff many times thereafter. Defendant's employee, Maritza, later told Plaintiff, by way of explaining why they had not provided the validation, that her dispute was insufficient because it failed to cite a reason for the dispute. (§ 1692g(b) & § 1692e(10) for misstatement of law).

10. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in

the initial communication with Plaintiff, or in writing within 5 days thereof, including to provide the identity of the current creditor for the debt (§ 1692g(a)(2)).

11. Plaintiff failed to state during each collection contact that the communication was from a debt collector, including failing to make such disclosure in telephone voicemails left with Plaintiff and in several telephone conversations about the alleged debt (§ 1692e(11)).

12. Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff, including failing to leave the identity of the agency calling in a voicemail (§ 1692d(6)).

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent Defendant's actions, detailed in paragraphs 8-12, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against

Defendant for violations of the FDCPA, §§ 1692g(b), 1692e(10), 1692g(a)(2), 1692d(6) and 1692e(11).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 24th day of September, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
West Jordan, UT